```
                    UNITED STATES DISTRICT COURT
                      DISTRICT OF CONNECTICUT

HARRY T. ANDERSON,              :
                                :
     Plaintiff,                 :
                                :
     v.                         :    CASE NO. 3:12CV785(RNC)
                                :
EASTERN CT HEALTH NETWORK,      :
INC. et al.,                    :
                                :
     Defendants.                :
```

MEMORANDUM AND ORDER

Plaintiff, a physician, alleges that defendants unlawfully terminated his employment on the basis of his age and disability.  Defendants removed the case to this court in May 2012.  There have been many discovery motions and multiple extensions of deadlines.  On August 9, 2013, the undersigned held a telephonic conference on several requests, including defendant's request to preclude plaintiff's treating psychiatrist Dr. Lori Calabrese from offering expert testimony due to untimely disclosures.  Counsel for both parties asked the court to resolve the expert preclusion issue without proceeding to formal motion practice.  (See doc. #133.)

Fed. R. Civ. P. 26(a)(2) sets forth explicit requirements for expert disclosures.  Pursuant to Rule 26(a)(2)(C), which applies to a non-retained witness such as a treating physician, a party must disclose the subject matter on which the witness is expected to present evidence and a summary of the facts and

1

opinions to which the witness is expected to testify.  Rule 37(c)(1) provides that "[i]f a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless."  On a request to preclude witness testimony, courts in the Second Circuit consider four factors: "(1) the party's explanation for the failure to comply with the discovery order; (2) the importance of the testimony of the precluded witness; (3) the prejudice suffered by the opposing party as a result of having to prepare to meet the new testimony; and (4) the possibility of a continuance."  Barack v. American Honda Motor Co., Inc., No. 09CV565(TLM), 2013 WL 2319329, at *2 (D. Conn. May 28, 2013) (quoting Softel, Inc. v. Dragon Med. & Sci. Commc'ns, Inc., 118 F.3d 955, 961 (2d Cir. 1997)).

   Here, plaintiff's expert disclosures were due by December 31, 2012.  (Docs. #27, #63.)  More than eight months after the expert disclosure deadline and subsequent to Dr. Calabrese's deposition and after multiple extensions of the discovery deadline, plaintiff has not summarized Dr. Calabrese's potential expert testimony with sufficient detail to permit defendants to prepare their defense.  Plaintiff has identified only one of the opinions that Dr. Calabrese is expected to render and otherwise

has failed to provide the straightforward summary of facts and opinions required by Rule 26(a)(2)(C)(ii).

In light of the foregoing, plaintiff is precluded from eliciting expert testimony from Dr. Calabrese. See, e.g., Barack, 2013 WL 1688873, at *4-5 (although expert's identity was timely disclosed, proffered summary of facts and opinions was "last-minute" and inadequate); Puglisi v. Town of Hempstead Sanitary Dist. No. 2, No. 11CV0445(PKC), 2013 WL 4046263, at *4-6 (E.D.N.Y. Aug. 08, 2013) (proffered summary of facts and opinions was untimely and inadequate).

Defendants do not dispute that Dr. Calabrese may testify as a fact witness.  She may "'offer opinion testimony on diagnosis, treatment, prognosis and causation, but solely as to the information [she] has acquired through observation of the Plaintiff in [her] role as a treating physician limited to the facts in Plaintiff's course of treatment.'" Barack v. American Honda Motor Co., Inc., --- F.R.D. ----, No. 09CV565(TLM), 2013 WL 1688873, at *2 (D. Conn. Apr. 18, 2013) (quoting Spencer v. Int'l Shoppes, Inc., 2011 WL 4383046, at *4 (E.D.N.Y. Sept. 20, 2011) (emphasis in original)).  Dr. Calabrese "'may not introduce information provided by other physicians to whom the Plaintiff [was] referred nor may [she] present any medical reports received from other physicians regarding the Plaintiff or opine on any information provided by another doctor.'" Id.;

3

see also Motta v. First Unum Life Ins. Co., No. CV09-3674(JS)(AKT), 2011 WL 4374544, at *3 (E.D.N.Y. Sept. 19, 2011) ("the key to what a treating physician can testify to without being declared an expert is based on his personal knowledge from consultation, examination and treatment of the Plaintiff, 'not from information acquired from outside sources'").

SO ORDERED at Hartford, Connecticut this 20th day of September, 2013.

_____/s/_____
Donna F. Martinez
United States Magistrate Judge